This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, John McCowan ("McCowan"), appeals from a judgment entry of the Lorain County Court of Common Pleas, which imposed a sentence of two consecutive terms of imprisonment for two felonies. We affirm.
 I.
{¶ 2} On December 20, 2001, McCowan was involved in an automobile accident on Lake Road in Sheffield Lake, Ohio. It was determined that McCowan's speed at the time was between 50 and 68 miles per hour. The speed limit at the site of the accident is 35 miles per hour. As McCowan was traveling down the road, he overtook a pick-up truck, and attempted to pass it on the right. When he did so, he ran his vehicle into the truck's bumper, causing the driver of the truck to lose control. The truck contained three occupants, one of whom was killed in the accident. The other two occupants were injured, one seriously. McCowan was taken into custody, and a breath test was administered to him. McCowan's blood alcohol content at the time of the accident was determined to be .310%.
{¶ 3} On May 29, 2002, McCowan pled guilty to three counts of Driving Under the Influence ("DUI"), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1), (A)(3), and (A)(5); one count of Involuntary Manslaughter, a felony of the third degree, in violation of R.C. 2903.04(B); one count of Aggravated Vehicular Homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1); and one count of Aggravated Vehicular Assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1). The state elected to have sentences imposed for the 4511.19(A)(1) DUI charge of the three DUI charges, and the R.C.2903.06(A)(1) Aggravated Vehicular Homicide charge, over the Involuntary Manslaughter charge. Prior to sentencing McCowan, the trial court referred his case for a presentence investigation. The trial court sentenced McCowan to four months in jail and a fine of $250.00 on the DUI charge, to seven years in prison for the Aggravated Vehicular Homicide charge, and to three years in prison on the Aggravated Vehicular Assault charge. The trial court ordered the two felony sentences to run consecutively and the misdemeanor sentence to run concurrently. This appeal followed.
 II. Assignment of Error "THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE A TERM OF INCARCERATION OF TEN YEARS, WHICH WAS A CONSECUTIVE SENTENCE, AS WELL AS ABOVE THE MINIMUM POSSIBLE SENTENCE. THIS SENTENCE IS IN VIOLATION OF THE SENTENCING GUIDELINES SET FORTH IN THE OHIO REVISED CODE."
{¶ 4} In his sole assignment of error, McCowan contends that the trial court did not adequately state the reasons for imposing more than a minimum sentence as required by R.C. 2929.14(B), and for imposing consecutive sentences as required by R.C. 2929.14(E). Further, McCowan claims that the presentence investigation does not support more than the minimum sentence. McCowan also asserts that it is not possible to find that his offense was the worst form of the crime, and therefore the sentence was unjustified. We disagree.
{¶ 5} Pursuant to R.C. 2953.08(G)(2), when an appellate court reviews a trial court sentence, the appellate court may modify the sentence or remand for resentencing if the appellate court finds that the trial court clearly and convincingly acted contrary to law or the record. See State v. Winland (Jan. 26, 2000), 9th Dist. No. 99CA0029, at 3. Evidence is clear and convincing when it provides in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id.
{¶ 6} Pursuant to App.R. 9(B), the appellant bears the burden of ensuring that the record necessary to determine the appeal is before the appellate court. State v. Williams (1995), 73 Ohio St.3d 153, 160, certiorari denied (1996), 516 U.S. 1161, 134 L.Ed.2d 193. If the record is incomplete, the reviewing court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. State v. Miller (June 7, 2000), 9th Dist. No. 19810, at 3.
{¶ 7} R.C. 2929.14(B) states in pertinent part:
 "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 8} R.C. 2929.14(E) states in pertinent part:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 9} A sentencing court must make findings and give its reasons to support the imposition of consecutive sentences. State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 2.
{¶ 10} We begin our discussion by noting that McCowan argues that the presentence investigation does not support more than a minimum sentence. However, the presentence investigation is not included in the record provided to this Court. The trial court explicitly based its findings, in part, upon the presentence investigation report. Because the report is not before this Court, we must presume that the presentence investigation supports the finding "that the shortest prison term will demean the seriousness of [McCowan's] conduct."
{¶ 11} The transcript of the sentencing hearing shows that the trial court ruled out community sanctions as punishment because the charges carried mandatory incarceration. The trial court then determined that the minimum mandatory prison term would "demean the seriousness of [McCowan's] conduct" due to five past DUI convictions, and the fact that one person died and another was seriously injured.
{¶ 12} Also, as shown by the sentencing hearing transcript, the trial court determined that consecutive sentences were appropriate due to the death and serious injury, the prior convictions, the necessity to protect the public from future crimes, and to punish McCowan. Further, the trial court added, consecutive sentences were "not disproportionate to the seriousness of [McCowan's] conduct and the danger [McCowan] poses to the public." As support for that statement, the trial court considered the excessive speed at which McCowan was driving his vehicle and the amount of alcohol in McCowan's blood. Lastly, the trial court found that the harm caused by the McCowan was "so great or unusual that no single prison term as part of a single course of conduct adequately reflects the seriousness of [McCowan's] conduct." The trial court cited as support the seriousness of the injuries to one victim, and the young age of the deceased victim.
{¶ 13} The judgment entry contains the findings that minimum sentences would demean the seriousness of McCowan's conduct and that consecutive sentences were necessary to protect the public from future crime and to punish McCowan. Further, the trial court stated in the judgment entry that consecutive sentences were not disproportionate to the seriousness of McCowan's crime and the danger he poses to the public.
{¶ 14} The trial court made appropriate findings and conclusions at the sentencing hearing and properly journalized its findings. Given the trial court's statements on the record at the sentencing hearing, as well as the findings in the judgment entry, we overrule McCowan's assignment of error.
 III.
{¶ 15} McCowan's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, J. and BATCHELDER, J. CONCUR